# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into as of the date when one or more counterparts of this Agreement have been signed by each party and delivered to the other parties. It is voluntarily made by and between Aaron Westphal ("Westphal") and Standard Retail, LLC ("Standard"), on the one hand, and Kiyanna Nicole Mills ("Mills") and MOD Digital, LLC ("MOD"), on the other hand. Westphal, Standard, Mills and MOD are referred to collectively in this Agreement as the "Parties" or individually as a "Party."

## Preamble

In April 2016 Mills started an e-commerce business, StraightOuttaLove ("SOL"). The business sold to the public over the internet, including via Facebook advertising, bicycling jerseys and related cycling apparel and accessories. After a year, Mills formed MOD to sell SOL's assets. Westphal formed Standard for the purpose of effectuating that purchase.

On June 1, 2017, Standard ("Buyer") entered into a Domain Name and Website Purchase Agreement (the "Purchase Agreement") with MOD ("Seller"), that was effective May 31, 2017. Under the Purchase Agreement the Seller agreed to convey and the Buyer agreed to purchase the property of SOL, including among other things the domain name and website StraightOuttaLove.com, along with certain additional assets described in Appendix 1 to the Purchase Agreement including but not limited to the Facebook advertising account and pixel(s); operating manuals, procedures and other related documents; and unconditional use of designs created for sale in the business (collectively, the "Purchase"). Buyer ultimately paid seller $175,000 in accordance with the Purchase Agreement, but still has not received (i) the SOL domain name, (ii) the Facebook advertising account and pixel and (iii) operating manuals, procedures and other related documents (collectively, the "Remaining Items").

In January 2018 Westphal and Standard ("Plaintiffs") filed an action against Mills and MOD ("Defendants") in Colorado state court alleging breach of contract, breach of the contractually-implied covenant of good faith and fair dealing, and various tort claims. In February 2018 Mills and MOD removed the action to the United States District Court for the District of Colorado, Case No. 1:18-cv-00403 - PAB-NYW (th "Action"). Discovery has been completed, Defendants have filed a dispositive motion which has been fully briefed and two other defense motions are pending.

The Parties now desire to settle all of their differences embodied in the Action upon the terms and conditions set forth in this Agreement (the "Settlement").

## Terms and Conditions

In consideration of the mutual rights, obligations and promises set forth in this Agreement, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties agree and covenant as follows:

1. Plaintiffs are in the process of obtaining, which is expected to be accomplished on or before April 16, 2019, title to and possession of the SOL domain name from the escrow company

that was involved in effectuating the Purchase.

    2.    Defendants shall forthwith transfer to Plaintiffs, not later than April 16, 2019 (the "Transfer"):

    a.    The Facebook advertising account and pixel, and the related Facebook business manager. This shall involve Mills logging into the SOL Facebook account and adding Westphal as administrator and transferring to Westphal exclusive control over the SOL Facebook business manager.

    b.    All operating manuals, procedures and other related documents.

    3.    Upon completion of the transfer described in ¶2 above such that Plaintiffs obtain and are demonstrably able to exercise effective control over the Remaining Items (ii) and (iii) delineated in ¶2.a & b above (the "Effective Transfer"), Plaintiffs shall execute and deliver to Defendants an acknowledgment of satisfaction of that transfer obligation (the "Acknowledgment").

    4.    Completion of the Effective Transfer described above, as evidenced by the Acknowledgment, shall – except with respect to the Indemnification provisions of the Purchase Agreement found in subsections 7.2(iii), 7.3 7.4 and 7.5 of that document – be in full and final satisfaction and settlement of any and all claims Plaintiffs may have or may have had against Defendants by reason of any act, transaction or occurrence whatsoever prior to the date of this Agreement, whether or not such claims were asserted by Plaintiffs in the Action.

    5.    Upon completion of the Effective Transfer described above, as evidenced by the Acknowledgment, Plaintiffs shall stipulate with Defendants to dismissal of the Action with prejudice, each side to bear its own legal fees, cost and litigation expenses.

    6.    Upon completion of the Effective Transfer described above, as evidenced by the Acknowledgment, Plaintiffs – except with respect to the Indemnification provisions of the Purchase Agreement found in subsections 7.2(iii), 7.3 7.4 and 7.5 of that document – release and forever discharge Defendants from any and all manner of actions, causes of action, claims, claims for attorneys' fees, damages, demands and lawsuits of every kind and description, whether known or unknown, at law or in equity, that Plaintiffs may have or may have had against Defendants by reason of any act, transaction or occurrence whatsoever prior to the date of this Agreement, whether or not such claims were asserted by Plaintiffs in the Action.

    7.    Effective as of the date of the Acknowledgment, Defendants release and forever discharge Plaintiffs from any and all manner of actions, causes of action, claims, claims for attorneys' fees, damages, demands and lawsuits of every kind and description, whether known or unknown, at law or in equity, that Defendants may have or may have had against Plaintiffs by reason of any act, transaction or occurrence whatsoever prior to the date of this Agreement, despite such claims not having been asserted by Defendants in the Action.

    8.    The Parties acknowledge that each has been represented by counsel in connection with this Agreement and the matters encompassed by it. Accordingly, any rule of law or any legal

JK01198290.1 /font=8

decision that would require interpretation of any claimed ambiguity in this Agreement against the Party that drafted it has no application and is expressly waived. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the intent of the Parties, and no rule of strict construction shall be applied against any Party.

9. All questions concerning the construction, validity and interpretation of this Agreement shall be governed by and construed in accordance with the domestic law of the State of Colorado, without giving effect to any choice of law or conflict of law provision (whether of the State of Colorado or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Colorado.

10. This Agreement constitutes the entire understanding between the Parties and supersedes all prior oral and/or written agreements between any of the Parties pertaining to the rights, duties and obligations contained herein. No waiver or modification of the terms of this Agreement, including the provisions of this paragraph, shall be valid unless in writing signed by the Party to be charged and only to the extent set forth in that writing. BY SIGNING THIS AGREEMENT THE PARTIES EXPRESSLY WARRANT AND REPRESENT THAT NO PROMISES, INDUCEMENTS OR REPRESENTATIONS, ORAL OR WRITTEN, HAVE BEEN MADE BY THEM OR BY ANY INDIVIDUAL OR ENTITY PURPORTING TO REPRESENT THEM OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.

11. The Parties warrant represent that they are authorized to enter into this Agreement, and that all approvals necessary to enter into this Agreement have been obtained.

12. This Agreement is not a concession or admission of wrongdoing or liability by any person or entity, and shall not be used or construed as an admission of any fault, liability, omission or wrongdoing on the part of any Party hereto in any written or oral statement, release or written document or financial report issued, filed or made. Neither this Agreement, nor the fact of settlement, nor any related document shall be offered or received in evidence as an admission, concession, presumption or inference against any Party hereto in any proceeding other than a proceeding that may be necessary to consummate or enforce this Agreement and the Settlement.

13. This Agreement may be executed in one or more counterparts and by different Parties in separate counterparts. All of such counterparts shall constitute one and the same Agreement.

14. If any provision of this Agreement is determined to be invalid, illegal or unenforceable in any court of competent jurisdiction, the remaining provisions of this Agreement, to the extent permitted by law, shall remain in full force and effect. Further, the parties hereby waive any provision of law that renders any provision of this Agreement unenforceable or prohibited in any respect.

IN WITNESS OF THE FOREGOING, each of the Parties hereto has caused this Agreement to be executed by its duly authorized representative.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

_____  Dated: 4/12/19        By: _____  Dated: 4/12/19
Aaron Westphal                                    Standard Retail, LLC


_____  Dated: 4/12/19        By: _____  Dated: 4/12/19
Kiyanna Nicole Mills                              MOD Digital, LLC